## OBERLIN v THOMAS

Ohio Appeals, 6th Dist, Fulton Co

No. 102. Decided October 28, 1929

Messrs. Conn & Holloway, Toledo, for Oberlin.
Messrs. F. S. & J. M. Ham, Wauseon, for Thomas.

## BY THE COURT

Under the evidence in this case the jury must have found that the defendant was guilty of negligence. On the question of the negligence of the plaintiff there was a very sharp conflict in the testimony. Testimony was introduced to the effect that plaintiff said, shortly after the accident. that they were both to blame. If the jury believed this testimony, as they might do, then they may also have found that the plaintiff was himself guilty of negligence. If the jury found that both parties were guilty of negligence proximately causing the collision, then the verdict would be correct, as neither would be entitled to recover from the other and the court is not disposed to believe that it can interfere with the judgment on the weight of the evidence.

It is urged that the court committed prejudicial error in refusing to give plaintiff's request No. 1, which is merely a definition of right of way. We find no error in refusing to give this instruction. The instruction does not indicate which party had the right of way, and the court is unable to see that the plaintiff was prejudiced by the failure to give the instruction.

Request No. 2, which was offered, is faulty in that it does not contain the element of ordinary care.

Request No. 4 was properly refused in that it contains the statement that if the jury finds that the defendant saw the plaintiff approaching while there is no testimony that he did see the plaintiff approaching.

We find no error in the judgment assessing all of the costs against the plaintiff. It was an action at law in which the right to costs is controlled by statute, and the evidence does not disclose that any costs were made exclusively in seeking to maintain the cross-petition, and as the plaintiff failed the costs were properly assessed against him.

We have examined all of the claimed errors, but find nothing requiring a reversal of the judgment.

Williams, Lloyd and Richards, JJ, concur.